Matter of Bibbes-Turner v Bibbes (2019 NY Slip Op 05918)





Matter of Bibbes-Turner v Bibbes


2019 NY Slip Op 05918


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


605 CAF 18-00374

[*1]IN THE MATTER OF ALICIA C. BIBBES-TURNER, PETITIONER-APPELLANT,
v
DARRYL BIBBES, RESPONDENT-RESPONDENT. 






NEIGHBORHOOD LEGAL SERVICES, INC., BUFFALO (THERESA J. FERRARA OF COUNSEL), FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered November 30, 2017 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to an order of the Support Magistrate which dismissed the petition seeking spousal support. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner wife appeals from an order denying her objections to the order of the Support Magistrate dismissing her petition seeking spousal support from respondent husband. We affirm. The wife did not preserve her contention that gaps in the transcripts of two initial appearances caused by inaudible portions of the audio tape recordings precluded meaningful review of the order because she did not include this argument in her written objections to the Support Magistrate's order (see Matter of Bow v Bow, 117 AD3d 1542, 1543 [4th Dept 2014]). In any event, we conclude that the wife's contention is without merit because the inaudible portions of the audio tape recordings are not so significant as to preclude meaningful review of the order (see Matter of Savage v Cota, 66 AD3d 1491, 1492 [4th Dept 2009]). Indeed, there are no inaudible portions of the actual evidentiary hearing.
With respect to the merits, we reject the wife's contention that the Support Magistrate erred in deviating from the statutory spousal support guidelines. Although a married person "is chargeable with the support of his or her spouse" (Family Ct Act § 412 [1]), the Support Magistrate need not order the guideline amount of spousal support upon finding such amount to be unjust or inappropriate in light of several statutorily enumerated factors (see § 412 [6] [a]). Here, the evidence at the hearing before the Support Magistrate established that the parties married while the husband was incarcerated, had lived apart for the 13 years preceding the commencement of the support proceeding, and had only sporadic contact upon the husband's release from prison. We therefore conclude that the record supports the Support Magistrate's determination that a deviation was warranted from the guideline amount of spousal support (see § 412 [6] [a] [6], [11], [14]), and that Family Court properly denied the wife's objections (see Matter of Fanizzi v Delforte-Fanizzi, 164 AD3d 1653, 1654 [4th Dept 2018]; Matter of Nisita v Nisita, 81 AD3d 832, 832 [2d Dept 2011]; Matter of Zaky v Andil, 81 AD3d 842, 843 [2d Dept 2011]).
We have considered the wife's remaining contentions and we conclude that they do not require reversal or modification of the order.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court